IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Case No. 1:23-cv-125 |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| FIDELITY WORKPLACE SERVICES, LLC, | )<br>) |
| Defendant. | )<br>) |

# COMPLAINT

The United States of America, at the request of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of Treasury, and at the direction of the Attorney General of the United States pursuant to 26 U.S.C. § 7401, complains of the defendant Fidelity Workplace Services, LLC as follows:

1. This is an action in which the plaintiff, the United States of America, pursuant to 26 U.S.C. § 6332(d), seeks to enforce Internal Revenue Service levies served on Fidelity Workplace Services, LLC ("Fidelity") due to its failure to honor the proper and lawful levy by failing to surrender property to the United States.

## Jurisdiction, Venue, and Parties

2. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

3. The defendant, Fidelity, is a limited liability company with its principal place of business in Cincinnati, Ohio.

4. Venue is proper in this Court because the defendant's principal place of business is in this district. 28 U.S.C. § 1391(b).

1

**Claim for Relief**

5. The allegations set forth in paragraphs 1 through 4 are realleged and incorporated by reference.

6. A delegate of the Secretary of the Treasury made joint assessments against Luke Overstreet and Chandra Overstreet (collectively, the "Taxpayers") for unpaid federal income tax liabilities, for the periods, on the dates, and in the amounts described below.

| Tax Period Ending | Assessment Date | Amount of Tax Assessed |
|---|---|---|
| 12/31/2007 | 02/15/2016 | $36,317.00 |
| 12/31/2008 | 01/04/2016 | $65,443.00 |
| 12/31/2009 | 01/04/2016 | $24,985.00 |
| 12/31/2010 | 01/04/2016 | $34,799.00 |
| 12/31/2011 | 01/04/2016 | $43,224.00 |
| 12/31/2012 | 10/26/2015 | $103,475.60 |
| 12/31/2013 | 04/11/2016 | $92,816.00 |
| 12/31/2014 | 04/18/2016 | $66,309.00 |
| 12/31/2015 | 12/12/2016 | $159,757.00 |
| **Total** | | $627,125.60 |

7. As of January 31, 2023, the total amount owed by taxpayers for the liabilities listed in paragraph 6, including penalties and interest, is $1,118,558.92.

8. The property subject to levy is a Fidelity 401(k) plan for Luke Overstreet sponsored by Corporate Air, one of the businesses owned by Luke Overstreet, which had a fair market value of $249,429.44 as of August 27, 2021.  Luke Overstreet attempted to voluntarily

liquidate his 401(k) retirement account with Fidelity but was told that he could not liquidate it while he was still employed at Corporate Air.

9. On April 13, 2021, a delegate of the Secretary of the Treasury, an IRS Revenue Officer ("RO"), issued a Notice of Levy dated March 23, 2021 (Form 668-R, Notice of Levy on Retirement Plans) to Fidelity, who services Mr. Overstreet's 401(k) retirement plan sponsored by Corporate Air.

10. On May 19, 2021, since Fidelity had not yet responded to the Notice of Levy, the RO reviewed it and discovered that the address used for Fidelity was missing a zero in the P.O. Box Number. On May 19, 2021, the RO issued a second Notice of Levy–this one dated May 19, 2021–to the correct address of P.O. Box 770003, Cincinnati, OH 45277-0070. The second Notice of Levy stated that the taxpayer was indebted to the United States for unpaid tax liabilities for the periods stated in paragraph 6 and required Fidelity to turn over to the IRS the property and rights to property of Mr. Overstreet. Specifically, the Notice of Levy required Fidelity to turn over to the IRS any of Mr. Overstreet's property and rights to property (such as money, credits, and bank deposits) that it has or as to which it is already obligated to pay Mr. Overstreet, not to exceed the total amount due.

11. On June 10, 2021, Fidelity responded to both Notice of Levies, stating that it was unable to honor the levies pursuant to 26 U.S.C. § 401(k)(2)(b), which limits distributions of a participant's account to death, disability, termination of employment, attainment of age 59 1/2 or upon the occurrence of a financial hardship. Fidelity further claimed that 26 U.S.C. § 401(a)(13) and ERISA § 206(d) prohibited the assignment or alienation of benefits under a qualified plan. Finally, Fidelity argued that, pursuant to IRS Legal Memorandum 200102021, the IRS is not

3

entitled to enforce a levy against assets in a qualified plan until the taxpayer is eligible to receive a distribution.

12. On June 22, 2021, the IRS served on Fidelity a Form 668-C, Final Demand for Payment, and a letter from the IRS Office of Chief Counsel ("Chief Counsel Letter"). The Chief Counsel Letter explained that the Internal Revenue Code sections that Fidelity was referencing were not applicable in this situation and that ERISA anti-alienation provisions do not apply to federal tax liens and levies pursuant to 29 U.S.C. § 1144(d), Treasury Regulation § 1.401(a)(-13(b), and *United States v. Sawaf*, 74 F.3d 119, 123 (6th Cir. 1996). Further, the Chief Counsel Letter noted that ERISA itself provides that it is not intended to supersede any other law or regulation and that exempt status under state law does not preclude the IRS from levying on retirement funds. 29 U.S.C. § 1144(d). The Chief Counsel Letter also noted that with limited exceptions found in 26 U.S.C. § 6334(a), the IRS may levy a taxpayer's vested interest in a retirement plan or an individual retirement account.

13. Fidelity responded to the Form 668-C and Chief Counsel Letter with a nearly identical letter as its June 10, 2021, response, stating that it is prohibited from distributing funds from Mr. Overstreet's 401(k) and that the IRS is not entitled to enforce a levy against assets in a qualified plan until the taxpayer is eligible to receive a distribution.

14. The Internal Revenue Code commands "any person in possession of . . . property or rights to property subject to levy upon which a levy has been made" to "surrender such property" to the Secretary, unless the property has been attached or executed under judicial process. 26 U.S.C. § 6332(a). Mr. Overstreet has "rights to property" in the 401(k) account, insofar as the funds may be distributed upon hardship. *See* Treas. Reg. 1.401(k)-1(d)(3). The statute imposes personal liability on anyone who refuses to surrender property subject to an IRS

4

levy, in an amount equal to the value of the property involved, subject to the total tax liability, plus interest and costs. 26 U.S.C. § 6332(d)(1).

15. Fidelity has refused to surrender property subject to levy, and it lacks a defense for refusing to do so. There are two valid defenses for failing to honor a levy. The first is where the levy target is not in possession of or obligated with respect to the property or rights to the property belonging to the taxpayer. At the time it received the Notice of Levy and to this day, Fidelity continues to hold the funds in Mr. Overstreet's 401(k) account; thus, the first defense does not apply. The second defense is that the property is subject to a prior judicial attachment or execution. Fidelity cannot prevail on this defense because Mr. Overstreet's 401(k) is not subject to any known judicial attachment or execution. Accordingly, Fidelity has no valid defense for failing to honor the levies and should be held personally liable for the amounts it failed to surrender, plus interest.

16. Pursuant to 26 U.S.C. § 6332(d)(2), the United States is entitled to a 50 percent penalty against the defendant Fidelity because it was required to surrender property or rights to property of the taxpayer but failed or refused to surrender such property or rights to property without reasonable cause.

WHEREFORE, the plaintiff United States requests judgment that the defendant Fidelity is liable to the United States:

    A.    In the amount of the Fidelity account on May 19, 2021, when the second Notice of Levy was served on Fidelity, plus statutory interest and penalties that continue to accrue;

    B.    For a penalty equal to 50 percent of the amount recoverable under paragraph A, above; and

  C. For its costs in the action and such other and further relief as this Court determines is just and proper.

              DAVID A. HUBBERT
              Deputy Assistant Attorney General
              U.S. Department of Justice, Tax Division

              */s/ Samantha S. Lieb*
              SAMANTHA S. LIEB
              Trial Attorney, Tax Division
              U.S. Department of Justice
              P.O. Box 55
              Washington, D.C. 20044
              202-616-2901 (v)
              202-514-5238 (f)
              Samantha.Lieb@usdoj.gov

Local Counsel:

Kenneth L. Parker
U.S. Attorney